UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JACOB D. ELLISON,**

   Petitioner,

v.                                                         No. 4:23-cv-544-P

**BOBBY LUMPKIN, DIRECTOR, TDCJ**

   Respondent.

## OPINION AND ORDER

Came on for consideration the petition of Jacob D. Ellison under 28 U.S.C. § 2254 for writ of habeas corpus. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition must be **DISMISSED**.

## BACKGROUND

Petitioner is serving a ninety-nine-year term of imprisonment imposed by a jury following his open plea of guilty to aggravated sexual assault of a child in Case No. CR13588 in the 355th Judicial District Court, Hood County, Texas. ECF No. 17-5 at 37–39. Petitioner appealed and the judgment was affirmed on August 22, 2019. *Ellison v. State*, No. 02-18-00056-CR, 2019 WL 3955211 (Tex. App.—Fort Worth Aug. 22, 2019). Petitioner sought an extension of time in which to file a petition for discretionary review, which was denied. ECF No. 18 at 5. He did not file a petition for discretionary review.

On March 14, 2020, Petitioner filed a state application for writ of habeas corpus. ECF No. 17-29 at 5–20. The Court of Criminal Appeals directed the trial court to make findings of fact and conclusions of law. *Ex parte Ellison*, No. WR-91,215-01, 2020 WL 3265426 (Tex. Crim. App. June 17, 2020). The trial court did so. ECF No. 17-1 at 5–11. Petitioner filed an amended application asserting three additional grounds. ECF No. 17-2. By order of December 9, 2020, the Court of Criminal Appeals

denied the petition for writ of habeas corpus based on the trial court's findings and conclusions and on the Court's independent review of the entire record. *Ex parte Ellison*, No. WR-91,215-01, 2020 WL 7233680 (Tex. Crim. App. Dec. 9, 2020).

Petitioner filed this application on May 11, 2023. ECF No. 1 at 15.

## GROUNDS OF THE PETITION

Petitioner asserts nine grounds in support of his petition. ECF No. 1. The Court need not describe them here.

## STATUTE OF LIMITATIONS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v.*

*Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629.

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not

3

mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## ANALYSIS

In this case, because he did not file a petition for discretionary review, Petitioner's conviction became final September 21, 2019, thirty days after the Second Court of Appeals affirmed his conviction. TEX. R. APP. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694–95 (5th Cir. 2003). Almost six months later, Petitioner filed his state writ application. ECF No. 17-29 at 5–20. The writ was pending until December 9, 2020, when it was denied. *Ex parte Ellison*, 2020 WL 7233680. Because the writ was pending for 270 days, the deadline for the filing of Petitioner's federal application was extended until June 18, 2021. 28 U.S.C. § 2244(d)(2). He did not file his application until May 11, 2023, ECF No. 1, almost two years late.

Petitioner contends that he entitled to statutory and equitable tolling because he did not receive notice of the denial of his state application until April 24, 2023. ECF No. 3. The mail logs of the McConnell Unit Mailroom provided by Respondent indicate that Petitioner likely received notice of the ruling on December 14, 2020. ECF No. 18-1 at 5. However, even assuming Petitioner did not receive notice until the time he alleges, his petition is still untimely.

The date petitioner received notice of the denial of his state application is not a date described in § 2244(d)(1). Although Petitioner may not have had notice of the ruling until later, he has not shown that there was an impediment created by State action in violation of the Constitution or laws of the United States. *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003) (to invoke 28 U.S.C. § 2244(d)(1)(B), petitioner must show that (1) he was prevented from filing a petition, (2) by State action, (3) in violation of the Constitution or federal law)). *See Hardy v. Quarterman*, 577 F.3d 596 (5th Cir. 2009) (analyzing lack of notice of final ruling under equitable, rather than statutory, tolling theory). There is no reason to believe that Petitioner could not sooner have

learned of the ruling had he simply inquired. He does not describe any attempt to determine the status of the proceeding.

As stated, equitable tolling applies only in rare and exceptional circumstances, principally where the petitioner is actively misled by the State or is prevented in some extraordinary way from asserting his rights. *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir. 1999). Equitable tolling is the exception, not the rule. *Rotella v. Wood*, 528 U.S. 549, 561 (2000). To meet his burden, Petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland*, 560 U.S. at 649. Whether Petitioner is entitled to equitable tolling depends upon his diligence both before and after the extraordinary circumstance occurs. *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019); *Hardy*, 577 F.3d at 598.

First, Petitioner admits that he waited six months after his conviction was final to file his state habeas application. ECF No. 23 at 4. That does not constitute diligence. *Jackson*, 933 F.3d at 411 (waiting two months to file a habeas application shows diligence; waiting 7 months does not). Further, Petitioner does not aver that he exercised any diligence from the filing of his amended application in August 2020 until April 24, 2023, when he researched his case. ECF No. 3 at 7. Waiting over two and one-half years to seek to discover the status of his case is not the exercise of reasonable diligence. *See Hardy*, 577 F.3d at 599 (citing *Lewis v. Cockrell*, 275 F.3d 46 (5th Cir. 2001)); *Binder v. Dretke*, No. 4:05-CV-0602-Y, 2005 WL 3543350, at *3 (N.D. Tex. Dec. 22, 2005). That Petitioner never made any inquiry to the state courts distinguishes this case, where the facts and circumstances did not prevent Petitioner from making such inquiry. *See Jackson*, 933 F.3d at 413 (petitioner exercised diligence by twice inquiring about the status of his state court application, the first inquiry being fifteen months after the application was filed); *Hardy*, 577 F.3d at 599 (inquiry made eleven months after filing application showed diligence). Even in the unpublished opinion on which Petitioner relies in his reply the petitioner had made several inquiries to the court about the status of his application. *Umana v. Davis*, 791 F. App'x 441, 442–43 (5th Cir. 2019),

5

*reh. en banc denied*, 946 F.3d 281 (5th Cir. 2020). Petitioner is not entitled to equitable tolling.

## CONCLUSION

For the reasons discussed, Petitioner's motion for statutory and equitable tolling is **DENIED** and his application is **DISMISSED**. The Court need not reach the merits of the claims.

Petitioner's motions to appoint counsel and for discovery and evidentiary hearing are **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **7th day** of **December 2023.**

Mark T. Pittman
UNITED STATED DISTRICT JUDGE

6